NDFL 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>WALEEAH IVA NELOMS<br>a/k/a "Peanut" | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  3:19cr112-002/MCR<br><br>USM Number:  26541-017<br><br>Donald M. Sheehan  (Appointed - CJA)<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    One through Seven of the Superseding Indictment on December 30, 2019

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 | Conspiracy to Distribute and Possess with Intent to Distribute Hydromorphone and Oxycodone | August 30, 2019 | One |

The defendant is sentenced as provided in pages 2 through _____8_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 8, 2020
Date of Imposition of Judgment

_M. Casey Rodgers_
Signature of Judge

**M. Casey Rodgers, United States District Judge**
Name and Title of Judge

December 28, 2020
Date

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
Sheet 1A

Judgment — Page __2__ of __8__

DEFENDANT:         WALEEAH IVA NELOMS a/k/a "Peanut"
CASE NUMBER:       3:19cr112-002/MCR

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 | Distribution of Hydromorphone | January 24, 2019<br>April 10, 2019<br>June 6, 2019<br>July 25, 2019 | Two<br>Three<br>Four<br>Five |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 | Possession with Intent to Distribute Hydromorphone | August 30, 2019 | Six |
| 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h) | Conspiracy to Commit Money Laundering | August 30, 2019 | Seven |

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
                            Sheet 2 — Imprisonment

| | Judgment — Page | 3 | of | 8 |
| --- | --- | --- | --- | --- |

**DEFENDANT:**          WALEEAH IVA NELOMS a/k/a "Peanut"
**CASE NUMBER:**    3:19cr112-002/MCR

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**45 months as to Counts One through Seven, with all counts to run concurrently, one with the other, and with credit for time served.**

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court primarily recommends that the defendant be designated to a facility where she can be evaluated for a residential program specializing in treating women who have suffered severe trauma (Resolve Program).

The Court then recommends that the defendant be designated to the FCI Coleman prison camp in Sumterville, Florida. If the defendant is not eligible for FCI Coleman then the Court recommends that the defendant be designated to FCI Tallahassee.

The Court recommends that the defendant be evaluated by a gynecologist immediately upon her admittance to the Bureau of Prisons in order to determine if the defendant is in need of a hysterectomy.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

NDFL 245B (Rev. 11/16)     Judgment in a Criminal Case
                          Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:          WALEEAH IVA NELOMS a/k/a "Peanut"
CASE NUMBER:        3:19cr112-002/MCR

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

**3 years as to Counts One through Seven, with said terms to run concurrently, one with the other.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

NDFL 245B (Rev. 11/16)     Judgment in a Criminal Case
                           Sheet 3A — Supervised Release

|  | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT:      WALEEAH IVA NELOMS a/k/a "Peanut"
CASE NUMBER:    3:19cr112-002/MCR

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature  _____          Date  _____

NDFL 245B (Rev. 11/16)        Judgment in a Criminal Case
                             Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___8___

DEFENDANT:        WALEEAH IVA NELOMS a/k/a "Peanut"
CASE NUMBER:      3:19cr112-002/MCR

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall be evaluated for substance abuse and referred to treatment as determined through an evaluation process. Treatment is not limited to, but may include, participation in a Cognitive Behavior Therapy Program or inpatient treatment. You will be tested for the presence of illegal controlled substances or alcohol at any time during the term of supervision.

2. You must be evaluated for mental health and referred to treatment as determined necessary through an evaluation process. Treatment is not limited to but may include participation in a Cognitive Behavior Therapy program.

3. You must submit your person, property, house, residence, vehicle, or papers to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

| | | | Judgment — Page | 7 | of | 8 |

DEFENDANT:        WALEEAH IVA NELOMS a/k/a "Peanut"
CASE NUMBER:      3:19cr112-002/MCR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $  700.00 | $  0 - none | $  0 - waived | $  0 - none |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $  _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
                          Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:      WALEEAH IVA NELOMS a/k/a "Peanut"
CASE NUMBER:    3:19cr112-002/MCR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒   Lump sum payment of $ __700.00__        Special Monetary Assessment, balance due immediately,

        ☐   not later than _____ , or
        ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
        _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
        _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
        term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.



☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
    **See Preliminary Order of Forfeiture entered on March 12, 2020 (doc. #98).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.